UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE:  PETITION OF GRAF TECH SWITZERLAND  S.A. TO PER-PETUATE THE TESTIMONY OF CERTAIN CREWMEMBERS AND DOCUMENTARY EVIDENCE | :<br><br>:<br><br>: | CIVIL ACTION NO. 10-MC-17<br><br><br><br>MAGISTRATE JUDGE KAY |

## WRITTEN OPINION

This proceeding began with the filing of a Petition to Perpetuate Testimony pursuant to Rule 27(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782, which petition was filed April 29, 2010, by Graf Tech Switzerland S.A. Doc. 1.  Through this complaint, Graf Tech sought to obtain certain deposition testimony of members of the crew of the M/V SIROCCO which, at the time of filing the complaint, was berthed at the Port of Lake Charles in the Western District of Louisiana undergoing repairs.  Graf Tech also sought access to certain documentary evidence alleged to be on board the vessel.  Petitioner, the owner of cargo aboard the vessel, claimed need for court intervention as the owner of the vessel, Duchess Shipping LLC declared General Average to Graf Tech on March 15, 2010, and Graf Tech needed and was entitled to obtain all information available to defend itself on that claim.  An order authorizing the depositions and acquisition to documentary evidence was signed May 20, 2010.  Doc. 6.

At the time of filing of the petition, Graf Tech had issued three separate summonses:  (1)  to "Duchess Shipping LLC and *In Rem,* Through the Master of the M/V SIROCCO Currently Located at City Dock No. 1 Lake Charles, Louisiana," [Doc. 4, p.

1], (2) to "Duchess Shipping LLC, 107 Alex Papanastasiou Street, 18533 Piraeus, GREECE, Pursuant to the Louisiana Long Arm Statute, R.S. 13:3201, *et seq,*" [Doc. 4, p. 2], and (3) to "Duchess Shipping LLC, 107 Alex Papanastasiou Street, 18533 Piraeus, GREECE, Pursuant to the Louisiana Water Craft Statute, R.S. 13:3749, *et seq,*" [Doc. 4, p. 3]. Only one summons was returned executed, that being the first summons listed above asserting *in rem* jurisdiction through service on the vessel's master. Doc. 5.[1]

On May 14, 2010, Duchess Shipping, LLC and Conbulk Shipping SA, made a restricted appearance "solely to oppose this Petition to Perpetuate, and reserving all defenses including, but not limited to, jurisdiction, venue, and right to proceed in arbitration . . . ." Doc. 7. Through this motion Duchess and Conbulk suggests they have complied with the order by providing testimony of crew members located in the Western District of Louisiana, allowing access to documents here, and allowing Graf Tech's surveyor to conduct a joint survey in Lake Charles, Louisiana. Duchess and Conbulk maintain that additional documents identified in the attachment to the order issued by this court are not located in the Western District of Louisiana, and that this court's order should be limited to only those documents onboard the vessel.

The original position of the vessel owners was that additional discovery beyond that which had already taken place would be beyond the scope of Rule 27 and 28 U.S.C. § 1782 in that further proceedings between these parties would be, by virtue of their

---

[1] The court is somewhat curious how successful petitioner may or may not have been in attempting service on these foreign defendants via the Louisiana Long Arm Statute or the Louisiana Water Craft statute but must leave that inquiry for another day as it has no bearing on the court's disposition of these issues. Rule 4(f) of the Federal Rules of Civil Procedure mandates compliance with the Hague Convention (to which Greece is a signatory) to effect service on individuals in a foreign country and the rules governing service abroad supercede applicable state rules. See generally 1 *Moore's Federal Practice*, § 4.52 (Matthew Bender 3d ed.).

contract, by arbitration. The owners' position was that international disputes subject to arbitration are not subject to discovery in federal courts relying on principles enunciated in *In re Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880 (5th Cir. 1999). The owners further suggested there were no extraordinary circumstances that would warrant the general proposition set forth in *In re Republic of Kazakhstan*.

Petitioner in its initial response maintained this court had authority to issue an order compelling the vessel owners to maintain records located in its offices in Greece and that this court should "either order Duchess Shipping to immediately produce all the records set forth on Exhibit 'A' to Graf Tech's Verified Petition from its office in Greece or, alternatively, order Duchess Shipping to preserve and maintain all of these records at its office in Greece." Doc. 9, pp. 3-4. It was at this point that this court began to question its authority to order these vessel owners to do anything at all in Greece regardless of whether the parties were bound to arbitrate.

As noted previously in this opinion, the efforts extended by petitioner to obtain personal jurisdiction over the vessel owners were to obtain summonses to "Duchess Shipping LLC, 107 Alex Papanastasiou Street, 18533 Piraeus, GREECE, Pursuant to the Louisiana Long Arm Statute, R.S. 13:3201, *et seq,*" [Doc. 4, p. 2], and to "Duchess Shipping LLC, 107 Alex Papanastasiou Street, 18533 Piraeus, GREECE, Pursuant to the Louisiana Water Craft Statute, R.S. 13:3749, *et seq,*" [Doc. 4, p. 3]. There is no evidence in the record that these summonses were served and it is doubtful that even if they had been served that service would have been sufficient.[2]

---

[2] See footnote 1.

It is elemental that for a party to be brought under a court's jurisdiction there must be valid service of process. See, for example, *Omni Capital Int'l Ltd. V. Rudolph Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed. 2d 415 (1987); *Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987). The validity of an order of a federal court depends upon that court's having jurisdiction over the parties. *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982).

Insofar as there has been no service of process on anything but the vessel in this matter, this court is powerless to order any entity to do anything.[3] That being the case, then, the court will deny the Motion for Reconsideration as there is no reconsideration necessary. This written opinion is offered, however, to clarify that the order previously issued by this court extends only to persons or papers found on the vessel that was previously located in the Western District of Louisiana and is powerless beyond those geographical confines.

Done and signed in Lake Charles, Louisiana, this 7th day of June, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner argued at hearing that the vessel owners waived any objections to personal jurisdiction when they filed their motion seeking reconsideration. We do not agree. "An appearance to defend against an admiralty and maritime claim with respect to which there has issued process in rem, or process of attachment and garnishment, may be expressly restricted to the defense of such claim, and in that event is not an appearance for the purposes of any other claim with respect to which such process is not available or has not been served." Supp. Adm. R. E(8). The only service that has been had in this proceeding, as noted earlier, was service in rem against the vessel through its master.